## STAPLES *vs.* BRADLEY.

Although a quit-claim deed, in this state, may have the effect of a primary conveyance, operating as a transfer of an estate without warranty, it retains its common law character, as a discharge of a right.

Where one tenant in common has conveyed his interest in the common estate to a third person, a partition of such estate between such grantee and his co-tenants, by quit-claim deeds, is valid.

Where the interest of one tenant in common has been conveyed to a third person, a creditor of such tenant, who claims the conveyance to be fraudulent and void, has no legal interest in the common estate, until he has appropriated the same, or some portion thereof, to the payment of his debt, or has instituted some proceedings for that purpose.

The defendant, owning certain land in common with others, conveyed his interest therein to a third person, who, with the other owners, made a partition of said land among themselves, by quit-claim deeds. The plaintiff being a creditor of the defendant, and claiming such conveyance from him to be fraudulent and void, obtained judgment upon his debt, and levied his execution upon the premises aparted to such grantee, and brought an act of ejectment to recover possession thereof. Held, 1. That the plaintiff might treat such partition as legal, although claiming that said conveyance from the defendant was void, so far as it was designed to defraud his creditors. 2. That evidence to prove such conveyance thus void, and that the plaintiff was a creditor of the defendant, was admissible. And 3. That the levy of the plaintiff's execution was consequently valid.

THIS was an action of ejectment, brought to recover possession of a tract of land situated in the town of Westport, tried before the superior court, at the April term, 1854.

Upon the trial to the jury, it was admitted, that the late Hon. Samuel B. Sherwood was the owner of a tract of land containing about twenty-two acres, embracing the demanded premises, which, upon his decease, descended to his children, Mrs. Bissel, Mrs. Jessup, and William B. Jessup, as his heirs-at-law. The defendant, being a creditor of the said William, levied an execution upon his undivided third part,—had the same set off to him, and then conveyed it to his son David Bradley. David Bradley, Mrs. Bissel, and Mrs. Jessup, afterwards made partition of the land, among themselves, by deeds of quit-claim, by which a portion of the

same, embracing the demanded premises, was set in severalty to the said David, Mrs. Bissel and Mrs. Jessup, releasing to him all their interest in the same.

The plaintiff, having obtained a judgment against the defendant, levied his execution upon the demanded premises, as the property of the defendant, and caused the same to be set off to him. In connection with the execution, levy, and facts aforesaid, he offered evidence to prove, that the deed of the defendant to his son was fraudulent and void, as against the creditors of the defendant, of whom the plaintiff was one. To the reception of this evidence the defendant objected, upon the ground, that the plaintiff, by the levy of his execution, had acquired no title to the demanded premises, and the court excluded it.

The plaintiff thereupon filed his motion for a new trial, and the case was reserved for the advice of this court.

*Hawley*, for the plaintiff, contended,

1. That the levy of the plaintiff's execution was valid, as against the former co-tenants of the defendant; for they had parted with all their interest in the tract levied on, and all the undivided third, which the defendant had owned in the other lands, had been conveyed to them. The defendant cannot complain; for no injury was done to him, and the fraudulent grantee cannot be heard. The rule, which forbids a transfer by one tenant in common, of part of the common property, by metes and bounds, or the levy of an execution on such part, is adopted, merely for the preservation of the rights of the co-tenants, and extends, in its application, only so far as its reason applies. Such transfer or levy is good, as against everybody but such co-tenants, and against them, when they cannot be prejudiced by it. *Porter* v. *Hill*, 9 Mass., 34. *Bartlett* v. *Harlow*, 12 Mass., 348. *Varnum* v. *Abbott*, 12 Mass., 475. *Baldwin* v. *Whiting*, 13 Mass., 57. *Rising* v. *Stannard*, 17 Mass., 282. *Nichols* v. *Smith*, 22 Pick., 316.

2. The defendant's quit-claim deed to his son, if fraudulent, was so, as to his creditors only, but good as between him, and as between both, and the other co-tenants. If the grantees had sued for a partition, the other co-tenants could not have objected, that the transfer to him was fraudulent and voidable by the defendant's creditors; and partition, obtained in that manner, would have been valid; no creditor of the defendant could have disturbed it. A voluntary partition, by quit-claim deeds, as here, must have the same effect.

3. It is claimed that if the deed to David was fraudulent, he could not, by his deed, convey anything to the other tenants, as against the defendant's creditors. The decision, in the case of *Preston* v. *Crofut,* 1 Conn. R., 527, applies only to conveyances of an estate; creations of a new estate. By this partition, neither party acquired a new estate; each co-tenant had, by it, the same identical estate he had before, changed in form only. David's deed to the co-tenants, and their deeds to him, gave them only what they had before, in a different form. He, in receiving the deeds from the co-tenants, must, for all the purposes of this case, be regarded as the representative of the defendant; for the defendant, conveying to him, gave him power to act in the matter of partition. Co. Lit., 35, a. 357b. If this be not so, the plaintiff must have levied on one undivided third of the whole, notwithstanding the partition, and the consequence would be, that partition would be entirely broken up, whatever improvements or sales the other tenants had, in the mean time, made. The rule, on which the objection rests, construed and applied according to its object and spirit, leads to no such result.

4. That the plaintiff, by his levy, got the undivided third part of the tract levied on ; unless, indeed, the partition was entirely nugatory, and even the defendant, nobody else objecting, can insist on the objection. 1 Conn R., 470. 5 Conn. R., 80. 6 Conn. R., 165.

*Butler* and *Carter*, for the defendant, contended,

1. That the conveyance from Scudder to David Bradley, was utterly void as to the latter, on the ground of fraud, and consequently, that the plaintiff's levy of his execution was equally void.

The land having been held by Scudder Bradley, as tenant in common with two others, a portion of it could not be set off by metes and bounds, as his sole property. *Beers* v. *Botsford*, 13 Conn. R., 146, 151. *Griswold* v. *Johnson*, 5 Conn. R., 363. 4 Conn. R., 495. *Starr* v. *Leavitt*, 2 Conn. R., 243. *Gates* v. *Treat*, 17 Conn. R., 392.

2. That the plaintiff could not claim that conveyance to be valid for one purpose, and void for another, so that he can treat it as both valid and void. If he could make such claim, this action would not lie, for Scudder Bradley never had a legal title to the land thus set off; and upon such title alone will ejectment lie. *Davenport* v. *Lacon*, 17 Conn. R., 278.

WAITE, J. The deed, from the defendant to his son, of his undivided interest in the common property, was binding upon the parties, and good against all persons, except his creditors. The grantee, upon receiving the conveyance, became a tenant in common, with the two female heirs of Mr. Sherwood, and it was in the power of either of them, by legal proceedings, to compel a partition of the common property.

In a suit for that purpose, before any interference on the part of the creditors of the defendant, no person, except the co-tenants, could legally be made a party to the proceeding. For, until such creditors had appropriated the property, or some portion of it, in payment of his debt, or had instituted some proceeding for that purpose, he had no legal interest in the property.

If it was in the power of either of the co-tenants, by legal proceeding, to compel partition, it is difficult to see why they

may not all voluntarily do, what the law would have compelled them to do.

Their object, in giving release deeds, was not to create any new title, but merely to extinguish the rights of the grantors in the shares released, and thereby to effect partition. This they might have accomplished, by means of a deed of partition, but the more usual mode of doing it in this state, is by release deeds, the one adopted by them. For, although a release deed here, may have the effect of a primary conveyance, operating as a transfer of an estate, without warranty, yet it retains its common law character, of discharging a right. It will convey whatever right or interest the releasor has in the property. *Dart* v. *Dart*, 7 Conn. R., 250.

The plaintiff, therefore, when he levied his execution, might well treat the partition as legal, as having been made by the defendant, through the agency of his son, by means of his deed, although the plaintiff, at the same time, insisted that it was void, so far forth as it was designed to defraud the defendant's creditors. And of this, the defendant has no right to complain. When he gave the deed, he parted with all his interest in the property, and empowered his son to do with it, as he pleased.

Any other construction might operate most injuriously upon the other co-tenants. They, relying upon the validity of the partition, made by all the persons having any legal interest in the property, and being ignorant of any particular design on the part of the defendant and his son, may have gone forward and made substantial improvements upon their respective shares, erected buildings, and improved the land.

Under these circumstances, to hold the partition void, and all those improvements common property, would be manifestly unjust. *Baldwin* v. *Breed*, 16 Conn. R., 60.

We are, therefore, of opinion, that the testimony offered by the plaintiff ought to have been received, and consequently advise a new trial.

In this opinion, the other judges concurred, except STORRS, J., who was disqualified.

New trial advised.