DAVIS and another vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF MENASHA and others.

*Constitutional law—Vested right—Statute granting new trial, after judgment, and time for appeal, &c., expired.*

Ch. 115, Laws of 1866, so far as it requires a court to grant a new trial in any case in which a final judgment had been rendered, and the period previously limited by law for moving to set aside the judgment or taking an appeal or writ of error had expired before the passage of the act, *held* to be invalid as interfering with vested rights, and also as an attempt by the legislature to exercise judicial powers.

APPEAL from the Circuit Court for *Winnebago* County.

This appeal was taken by the defendants from an order refusing to vacate a judgment in favor of the plaintiffs, and grant a new trial under ch. 115, Laws of 1866. The case is stated in the opinion.

*Gab. Bouck,* for appellants :

1. The term *ex post facto* in the constitution applies only to criminal laws. Sedgw. on Stat. & Con. Law, 191; Smith's Comm., 366; *Calder v. Bull,* 3 Dallas, 386; *Dash v. Van Kleeck,* 7 Johns., 477; *Carpenter v. Com. of Pa.,* 1 How. (U. S.), 456. 2. The legislature may give a statute a retrospective effect except when it impairs the obligation of a contract, or comes within the provision against *ex post facto* laws. This law does neither. It simply provides a method by which the appellant may enjoy his right (which existed before the passage of the law) to have the decision of the court below reviewed here. Sedgw., 192, 202; *Satterlee v. Matthewson,* 2 Peters, 380; 7

Johns., 477; *Goshen v. Stonington*, 4 Conn., 210; *Mather v. Chapman*, 6 id., 54; *Beach v. Walker*, id., 190; *Syracuse City Bank v. Davis*, 16 Barb., 188; *Underwood v. Lilly*, 10 S. & R., 97, 101; *Tate v. Stooltzfoos*, 16 id., 35; *Hepburne v. Curts*, 7 Watts, 300; *Trustees of C. F. R. E. A. v. McCaughy*, 2 Ohio St., 152; *Sampeyrac v. U. S.*, 7 Peters, 222; *S. C.*, Hemp. C. C. R., 119; *Dean v. Dean*, 2 Mass., 150; *Schenley v. Commonwealth*, 36 Pa. St., 29; *Colly v. Dennis*, 36 Maine, 9. And such laws are not prohibited, even in case they interfere with vested rights. *Davison v. Johonnot*, 7 Met., 389; *Walter v. Bacon*, 8 Mass., 468; *Patterson v. Philbrook*, 9 id., 151; *Locke v. Dane*, id., 360; *Calder v. Bull*, 3 Dall., 386, 391.

*Moses Hooper*, for respondents, contended that the act of 1866 was invalid because, 1. It invades the province of the judiciary. 1 N. H., 212; 3 Greenl., 326; 4 id., 140; 2 Chip., 77; 11 Mass., 396; 1 Aiken, 314; Smith's Comm., 292, 528; Sedgw., 679. 2. Although general in its terms, it was intended to apply only to this case. Cases cited above, and Smith's Comm., 500. 3. It impairs the obligation of a contract. 22 Pick., 430; Burrill's Dic., "Contract;" 2 Blacks. Com., 464; Chitty on Con., 2; 1 Parsons on Con., 7. 4. It gives indirectly a right of appeal after the time has expired by limitation. 13 Wis., 245; 11 id., 442; 11 Mass., 396; 2 Vt., 517; 1 Aik., 121; 2 Carter, 647; 25 Vt., 41. 5. It is retrospective, and impairs the rights of plaintiff settled and determined before it passage. Smith's Comm., secs. 9, 14, 155, 156, 158; 11 Wis., 371; 2 Gallison, 141; 16 Mass., 215; 2 Chip., 82, 89; 1 N. H., 212; 2 Greenl., 293; 3 id., 331; 5 Yerg., 520; 2 Vt., 517; 3 id., 360; 1 Aik., 121, 314; 6 Harris (Pa.), 112; 24 Me., 525; 22 Pick., 420; 10 N. Y., 374; 1 Kent, 445–7; 4 Burr., 2460.

COLE, J. The main question in this case arises under chapter 115, Laws of 1866. The first section of that act in effect

enacts, that in all actions wherein judgment shall be rendered in any court of record in this state, and the judge by or before whom the cause was tried shall die or remove from the state before any bill of exceptions is settled therein as required by law, the court in which the judgment was rendered shall grant a new trial upon the application of either party: providing, further, that the application is made at the time and in the manner therein prescribed. The second section provides, that in all cases in any of the courts of record in this state, *wherein, at any time within three years immediately preceding the passage of the act, judgment shall have been rendered,* and the judge before whom the cause was tried has died or removed from the state previously to the expiration of the time fixed by law or by the order of the judge for settling a bill of exceptions therein as required by law, the court in which the cause was tried and judgment rendered, shall, upon application of either party, vacate and set aside any such judgment, and grant a new trial in such action.

This cause was tried before the judge of the tenth judicial circuit, and judgment rendered therein in favor of the plaintiff's, October 12, 1863. The time for settling a bill of exceptions was extended by various orders until after the decease of of Judge Wheeler in January, 1864, he being the judge before whom the cause was tried. Notice of entry of judgment was however served on defendants' attorneys in November, 1863; and in March, 1864, an appeal was taken to this court. On the first of February, 1866, the defendants moved this court to dismiss the appeal; and the motion was granted. At a special term of the circuit court for Winnebago county, held in June, 1866, application was made, under the law of 1866 above cited, to vacate the judgment and grant a new trial in accordance with the provisions of the second section. This application was denied; and an appeal has been taken from the order refusing the defendants a new trial. The point now to be con-

sidered is, whether this order is correct and must be affirmed. It is insisted upon the part of the counsel for the respondents, that it is, upon several grounds, and especially because the law of 1866 in this case operates to destroy vested rights under the judgment, and is therefore void; and for the further reason, that in passing the act in question, the legislature attempted to exercise judicial functions, which, under our constitution, belong exclusively to the judiciary branch of the government. It seems to us that this view of the law of 1866, so far as this case is concerned, is sound, and must prevail. It will be seen that when the law of 1866 took effect (which was on the 25th of April of that year), more than two years had elapsed since the rendition of the judgment. The time for taking an appeal to this court had therefore expired when application was made for a new trial. The judgment was then no longer liable to be reversed for error, or to be set aside upon motion addressed to the discretion and power of the court in which it was rendered. The defendants had availed themselves of their legal rights to contest the matter in the courts; they had exhausted all their legal remedies by appeal or otherwise, and the judgment had become a finality. Under the existing laws the controversy was closed, and the rights of the parties definitively fixed and determined. In view of these facts, it is very clear to our minds that the rights of parties under that judgment had become vested, and could not be divested and destroyed by an act of the legislature. And although *dicta* may be found, and perhaps direct adjudications, among the numerous cases cited by counsel in this cause, which would sustain legislation of this character, yet the great weight of authority condemns it, and holds it invalid upon one ground or another. A thorough and critical examination of many of the authorities will be found in Smith's Comm. on Stat. & Con. Law, from section 347 to 382, which supersedes the necessity for any further discussion upon the subject.

In addition to the cases cited by Smith in his text and notes, we might refer to the more recent ones of *Taylor v. Place*, 4 R. I., 324; *People v. Frisbie*, 26 Cal., 135; and *Atkinson v. Dunlap*, 50 Maine, 111. In the latter case, which is strictly in point, the court say: "That the legislature has constitutional jurisdiction over remedies, is a propsition not to be controverted; but after all existing remedies have been exhausted, and rights have become permanently vested, all further interference is prohibited." In *Taylor v. Place*, where the legislature had interfered and ordered, by resolution, that a verdict obtained in the regular course of judicial proceeding in the court of common pleas for the county of Providence should be set aside, and a new trial granted, the court held the resolution unconstitutional, because it was the exercise of judicial power, which, by the constitution of Rhode Island, was prohibited to the general assembly. The opinion by C. J. AMES is very elaborate and instructive, marked by great vigor of reasoning, and amply fortified by authority. He shows most clearly and conclusively, that under a constitution which vests the executive, legislative and judicial powers in different departments, it is not competent for the law-making power to pass an act granting a new trial in a case between individuals; since to do so is to exercise judicial power in the strictest constitutional sense. It is true that by the act of 1866, the legislature did not, as in *Taylor v. Place*, grant a new trial in a particular case; but still the law is imperative in its character, requiring the court, on the application of either party, to vacate and set aside any judgment rendered "within three years immediately preceding the passage of this act." No room is left for the exercise of the judgment and discretion of the court, but the judgment must be set aside and a new trial allowed in the specified case, providing the application is made at the time and in the manner there prescribed. It seems to us that this law, then, may well be held to be the exercise of judicial functions, not vested

in the legislature, but belonging to another department of the government under our constitution. So that this enactment, so far as this cause is concerned, must be held invalid; both because it attempts to destroy vested rights, and also because it is an exercise of power on the part of the legislature which belongs to the courts.

*By the Court.*—The order refusing a new trial is affirmed.