MARIE E. IVES, ADMINISTRATRIX, ET AL. *vs.* GEORGE H. BEECHER ET AL.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

An executor or administrator *de bonis non*, as such, takes the legal title to a judgment rendered in favor of his predecessor, and consequently is a necessary party to a suit to foreclose a lien based thereon.

It is not improper, however, for the parties beneficially interested in the judgment to join in the suit if they so desire, notwithstanding their ownership may be in several and unequal shares.

All persons may join as plaintiffs in an action to foreclose a judgment lien, who have an interest of the same nature in obtaining the judgment demanded.

A properly signed certificate of lien is not invalidated by the addition of superfluous signatures.

Argued June 4th—decided July 18th, 1902.

ACTION to foreclose a judgment lien; brought to the Superior Court for New Haven County. Demurrer to the complaint sustained, *Case, J.*, and appeal by plaintiffs. *Error.*
The case is sufficiently stated in the opinion.

*Henry G. Newton* and *Harrison Hewitt*, for the appellants (plaintiffs).

*Charles S. Hamilton*, for the appellees (defendants).

BALDWIN, J. The executrix of Charles Ives recovered judgment, as such, against the defendants in 1890. In 1898 she died. Two daughters of the testator are the only persons beneficially interested in that judgment. In 1901 one of them was appointed administratrix *de bonis non, cum testamento annexo*, of his estate, by the Court of Probate in which it was in settlement. She then, as such, and also individually, and her sister, signed a certificate of lien under the judgment, on certain lands of the defendants, and caused

it to be duly recorded. The judgment being wholly unpaid, those thus signing the certificate of lien joined in bringing this suit.

The complaint, which stated these facts, was sufficient.

There was no misjoinder either of parties or of causes of action.

The administratrix had, as such, the legal title to the judgment rendered in favor of her predecessor in title. At common law, prior to the statute of 17 Car. II, this would not have been true. Toller on Executors, *448; *Alsop* v. *Mather*, 8 Conn. 584, 586. Our statutes establish a closer connection between executors and administrators *de bonis non*, and justify a more reasonable view of what constitutes administration upon an asset. *Chamberlin's Appeal*, 70 Conn. 363, 374, 376; *Mallory's Appeal*, 62 id. 218, 221.

The judgment which is set up as the foundation of the plaintiffs' claim of lien must have been rendered on a chose in action belonging to the estate. It put this right into a new form, but without changing its character as part of the uncollected assets. The judgment was a mere step in the process of administration. The original debt had not been finally administered upon. Its collection had simply been advanced.

Whether the daughters of the testator had bought the judgment, or become entitled to it under the will, was immaterial. In either case, until the legal title had been conveyed to them, it remained in the administratrix. It was necessary, therefore, that she should be a party to the foreclosure suit. She might have brought it alone. General Statutes, § 886 (Rev. 1902, § 620). But this statute is permissive, not exclusive, and it was proper that all those in interest should join, if they liked.

It is contended that the two sisters may own the judgment in several and unequal shares. If such be the case, each would still have an interest of the same nature in enforcing the lien, and therefore a right to join in a suit for that purpose. General Statutes, § 883 (Rev. 1902, § 617); *Barrett's Appeal*, 73 Conn. 288, 293.

The certificate of lien was not invalidated by adding to the signature of the administratrix those of the beneficial owners. If they were unnecessary, they could be disregarded as superfluous. *Utile per inutile non vitiatur.*

There is error, and the cause is remanded, with directions to overrule the demurrer.

In this opinion the other judges concurred.