GEORGE L. GERARD *vs.* MARIE E. IVES, ADMINISTRATRIX,
ET ALS.

Third Judicial District, Bridgeport, October Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

The rule is well settled in this State that the word "heirs," when used
  in a will to point out the legatees or devisees, must be given its
  primary, technical meaning, unless it is clearly shown by legitimate
  evidence that the testator used it in a different sense.

A testatrix gave real estate to her niece for life, with remainder in fee
  to the "lawful heirs" of the life tenant.  *Held:* —

1. That there was nothing in the will itself, nor. in the circumstances
   under which it was executed, to support the claim that "heirs"
   meant either "children" of the life tenant, or the heirs apparent
   of such tenant living at the death of the testatrix.

2. That the attempted disposition of the remainder was void under the
   statute of perpetuities in force in 1871, when the testatrix died.

A distribution of land devised merely designates the beneficiaries and
  the extent of their benefit; it cannot be treated as an original
  source of title.

The case of *Ward* v. *Ives*, 75 Conn. 598, examined and distinguished.

In the present case the distribution set out to the "heirs" of the life
  tenant at her decease just what the will gave them and nothing
  more.  *Held* that inasmuch as they took nothing under the will
  they acquired nothing by virtue of the distribution.

In the trial of a cause upon its merits, the trial judge is not bound to
  follow an earlier ruling upon demurrer.

Argued November 3d, 1905—decided January 4th, 1906.

SUIT to determine the title to real estate, for an injunc-
tion, and for other equitable relief, brought to and tried by
the Superior Court in New Haven County, *Gager, J.;* facts
found and judgment rendered for the defendants, from which
the plaintiff appealed.  *No error.*

*William B. Stoddard* and *John K. Beach,* for the appellant
(plaintiff).

*Harrison Hewitt,* for the appellees (defendants).

TORRANCE, C. J.   The contest in this case relates to the ownership of a lot of land in New Haven fronting on Chapel Street.

The plaintiff is the son of Eunice Louise Beecher, and he claimed, in effect, that under the will of his mother's aunt, Sarah L. Maltby, the life use of said land was given to his mother, and the remainder in fee to himself.

The defendants claim (1) that the clause of said will purporting to dispose of said land to the plaintiff and his mother is void as to him; (2) that consequently he has no interest of any kind in said land; and (3) that whatever interest his mother had therein now belongs to the defendants, under the decision of this court in the case of *Ives* v. *Beecher*, 75 Conn. 564.

The plaintiff also claims that if he has no interest in said land under said will, he has such an interest under the distribution of Mrs. Maltby's estate and the facts found with reference to the acts and conduct of the distributees thereunder.

The complaint was brought under the provisions of the statute (General Statutes, § 4053) relating to actions to settle the title to land, and one of the prayers for relief is for a judgment that the plaintiff is the owner in fee of said land subject to his mother's life use.   The court held, upon the facts found, that the plaintiff had no interest in said land and rendered judgment to that effect; and whether it erred in so doing is the general question in the case. The following is a somewhat condensed statement of the facts found : —

Mrs. Maltby died in 1871, and her will was probated in October of that year.   At the time of her death she owned the land here in question.   Her sole heir at law was her sister, Mrs. Garfield, who died intestate in March, 1872, before Mrs. Maltby's estate was distributed.   Mrs. Garfield's heirs at law were Nathaniel and John, her sons, Mrs. Beecher, a daughter, and Josephine L. Hazelton Hill, a child of a deceased daughter.   In May, 1872, the estate of Mrs. Maltby was settled and distributed.   That part of the will

of Mrs. Maltby, under which the plaintiff claims title, reads as follows : "All the real estate that I inherited from my late father, Nathaniel Lyon, I give, devise, and bequeath as follows to wit: . . . one-fourth part to Henry White, Esq., of New Haven, in trust and confidence that he will annually pay over the rents, issues, interest, and profits thereof to Eunice Louise Beecher, wife of George H. Beecher, my niece, during her natural life ; and then and after her decease I give, devise, and bequeath the said fourth part to her lawful heirs forever." That part of the distribution of the estate of Mrs. Maltby that is claimed to have some bearing upon the questions involved in this case, reads as follows : " We have set to Henry White, in trust for Eunice Louise Beecher, . . . during her life, and after her decease to her heirs," certain property described in the distribution, including the land in question. In making said distribution the distributors consulted with Nathaniel Garfield and Mrs. Beecher, and endeavored to set out to the distributees such parcels of the estate as would be satisfactory to them, and no appeal was taken from the distribution. " There was no discussion between the distributors and distributees as to the form of said distribution, or of the ultimate effect of the language of the will and of the distribution upon the course of title to the land in question ; and such distributors and distributees all endeavored and intended to carry the provisions of the will of Sarah L. Maltby into effect in accordance with the terms thereof, and substantially in the language of the will. There was no agreement, consent, or understanding by the parties interested in said distribution that the plaintiff should by said distribution take any interest in the estate of said Sarah L. Maltby, or in any of the property of said estate, except such interest as he might take by virtue of the will of said Sarah Lyon Maltby at the expiration of the life estate of his mother, should he survive her." Mrs. Beecher is now over eighty years old, and the plaintiff, her son by a deceased husband, and the only child she ever had, is now about sixty-four years old. When Mrs. Maltby's will was executed, in 1853, the plaintiff was about thirteen years old,

and his mother was then about thirty-four years old, and married to her present husband. Mrs. Beecher and the plaintiff have always supposed and claimed that she had only a life estate in the land in question, and that he owned the remainder in fee, and none of the other devisees under the Maltby will, and none of the legal representatives of Mrs. Garfield, ever claimed any interest in said land, or that it belonged to the estate of Mrs. Garfield. In February, 1873, Henry White executed a lease of the land in question to Mrs. Beecher and her husband, and immediately thereafter Mrs. Beecher and the plaintiff took possession of said land, and neither White nor his successors in said trust have since then ever had actual possession or charge of said property. For more than twenty years the plaintiff, as agent of his mother in the management of her life interest, has been in possession of said land ; and during that time Mrs. Beecher at her own expense erected a valuable brick building upon said land. " The said Sarah L. Maltby for many years prior to her death often met this plaintiff, and they were upon very friendly terms, and she told this plaintiff that she had provided by her will that this plaintiff's mother, the said E. Louise Beecher, was simply to have a life estate in one-fourth of Mrs. Maltby's estate, and that this plaintiff would receive by her will the remainder."

Upon the facts found the plaintiff made these two claims of law : " (1) That under the provisions of the will of Sarah L. Maltby this plaintiff obtained a vested title at the death of Sarah L. Maltby in the property in question, subject to the life estate of his mother, E. Louise Beecher; (2) that by virtue of the distribution and of the proceedings of the probate court this plaintiff obtained a title in fee simple to this property in question, subject to the life use of the said E. Louise Beecher."

The first of these claims is founded upon these words of the will hereinbefore quoted, namely : " One-fourth part to Henry White, . . . in trust and confidence that he will annually pay over the rents, issues, interest, and profits

thereof to Eunice Louise Beecher . . . during her natural life ; and then and after her decease, I give, devise, and bequeath the said fourth part to her lawful heirs forever." The plaintiff claims that the words "her lawful heirs," as used in the above quotation, should be held to mean either "children" of Mrs. Beecher, or the lawful heirs of Mrs. Beecher, living at the death of Mrs. Maltby. This claim is not tenable. In its primary and technical meaning in our law, the word "heirs" is used to express the relation of persons to some deceased ancestor; and when it is used in a will, as here, to point out legatees or devisees, its primary legal meaning should be given to it unless it is clearly shown by legitimate evidence that the testator used it in a different sense. This is the settled rule of construction in this State. *Gold* v. *Judson*, 21 Conn. 616 ; *Rand* v. *Butler*, 48 id. 293 ; *Leake* v. *Watson*, 60 id. 498 ; *Jackson* v. *Alsop*, 67 id. 249 ; *Ruggles* v. *Randall*, 70 id. 44. We are of opinion that the claim of the plaintiff as to the meaning of the word "heirs" finds no support, either in the will itself, or in the facts found relating to the circumstances under which it was made ; and that said word must here be given its primary and technical meaning. This being so, it necessarily follows under the repeated decisions of this court, from the case of *Rand* v. *Butler*, 48 Conn. 293, down to that of *Buck* v. *Lincoln*, 76 id. 149, that the attempted disposition by will of the remainder interest in the land, in question here, was void and of no effect, by virtue of the statute against perpetuities, so-called, in force when Mrs. Maltby died. We are therefore of opinion that the plaintiff took no interest whatever in the land in question under the will of Mrs. Maltby.

The next question is, has he any interest in said land by virtue of the distribution of the estate of Mrs. Maltby and the facts found with reference to the acts and conduct of the distributees thereunder ?

No distribution of real estate devised can be made under the devise to one not within the terms of the devise. No distribution of real estate devised can be treated as an original

source of title. It simply declares those to be benefited by the devise and the extent of that benefit. There is nothing, therefore, in the suggestion that as the former statute of perpetuities affected only "estates given by deed or will," it did not affect distributions. If the plaintiff has any interest in the lands in question, it must be under the will of Mrs. Maltby. The plaintiff likens this case to that of *Ward* v. *Ives*, 75 Conn. 598, but the facts in the two cases differ widely. In *Ward* v. *Ives* all the parties interested in the final settlement, in 1886, of the estate of a man who died intestate in 1859, entered into what was termed a family arrangement to have their respective rights settled and determined by probate proceedings in the form of a distribution to themselves directly, instead of through the immediate heirs of said intestate, and this arrangement was carried out. The land distributed under said arrangement to Mabel I. Stevens, a granddaughter of the intestate, was made subject to the life use of her father, as tenant by the curtesy, when in fact he had no such estate therein; and a burden was thus imposed upon the land to which it was not legally subject. Under the distribution so made and accepted by the Court of Probate, the parties entered into the possession of their respective shares and ever thereafter continued to hold them under it. Under it Mabel and her father entered into possession of the land set to her. They lived together upon the land, he taking to himself, under a claim of right as tenant by the curtesy, all the rents and profits of said land, and she asserting no claim to the contrary, and apparently fully satisfied with the distribution as made. This continued until she died intestate and without issue in 1898. After her death, those interested in her estate claimed the rents and profits collected by her father, claiming as tenant by the curtesy from the time of her death; but this court held that they were not entitled to do so, because she, with full knowledge, had by her conduct agreed to abide by the family arrangement, and that those claiming under her, as against her administrator, could claim no right which she had elected to waive and abandon.

In the case at bar the distribution was not made pursuant

to any such family agreement. It was made by order of the Court of Probate in the orderly settlement of the estate, and not to carry out any arrangement made by the distributees. They were not consulted as to the form or the effect of it; and there was, between them, "no agreement, consent, or understanding" that the plaintiff should take, by the distribution, any interest in the land in question "except such interest as he might take by virtue of the will;" and nothing was set out to the plaintiff by name. In setting out the land here in question the distribution follows the language of the will, and allots to the trustee of Mrs. Beecher just what the will gives him for her, and to her heirs at her decease just what the will gives them; and as in legal effect the will gave them nothing, it follows that nothing was set to them or to the plaintiff by the distribution.

Under these circumstances, and upon the facts found with reference to the acts and conduct of the distributees subsequent to the distribution, it cannot be said that the distributees here waived or abandoned any right in favor of the plaintiff, or that he has acquired as against them or their creditors any right or interest in or to the land in dispute.

It may be added that the distribution neither names nor, as things now stand, embraces the plaintiff. *Nemo est hæres viventis.*

Before the trial of the case upon its merits, a demurrer to the complaint had been overruled by the court (*Thayer, J.*), and upon the final trial the plaintiff claimed that the court below was bound to follow the decision upon the demurrer; and the failure of the court to do so is assigned for error. This claim and assignment are without merit; for as matter of law the court was not bound to follow the prior ruling upon the demurrer; *Wiggin* v. *Federal Stock & Grain Co.*, 77 Conn. 507, 516; and in the view we have taken of the case the demurrer and the ruling upon it become of no importance.

There is no error.

In this opinion the other judges concurred.