MARIE E. IVES HUMPHREY ET ALS. *vs.* GEORGE L. GERARD ET ALS.

* First Judicial District, Hartford, May Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

A statute should not be given a retroactive effect unless its terms show a clear and unmistakable legislative intent that it should so operate.

Chapter 133 of the Public Acts of 1909 provides that whenever property shall be distributed to one for life and after his decease to his "heirs," the word *heirs* "shall be prima facie evidence that the estate is set to and vested in the children of the life tenant." *Held* that there was nothing in the Act to indicate any intent to have it apply to distributions already made; and that even if it were so intended it would not be effective respecting property rights which had theretofore been judicially declared and passed upon, since such rights had thereby become vested and exempt from legislative interference.

An interest in real estate which is so indeterminate, uncertain, or contingent, that it cannot be appraised or sold with fairness to both debtor and creditor, is not subject to levy on execution.

The right which one may have to recover for improvements made upon real estate under a mistaken belief as to the title, does not, strictly speaking, constitute a lien upon the property, nor can it be reached and appropriated by a creditor upon an execution against the land; and therefore, under the statute (§ 4151), such right cannot be taken through the medium of a judgment lien and its foreclosure, which is merely another mode of accomplishing the result formerly attained by the levy of an execution.

* Transferred from third judicial district.

Humphrey *v.* Gerard.

By the foreclosure of their judgment lien the plaintiffs acquired the interest of their debtor in land, which interest was subsequently found to be an estate for life plus a one-quarter undivided interest in fee in the reversion. *Held* that the rents and profits received during the continuance of the life estate belonged solely to the plaintiffs, while those thereafter received were to be accounted for to their cotenants.

A deed which was made with the intent to convey all the interest which the grantor had inherited in real estate in a certain town, and in the belief that the instrument, as drawn, was effective for that purpose, will be reformed, if necessary, in order to unmistakably express the intention of the parties.

A writing purporting to be a quitclaim deed, which was never knowingly executed by the person named therein as grantor, was without any consideration, and under which the grantee—who was a party to the suit but failed to appear—never made any claim whatever, may properly be set aside and the title revested in the grantor, by judicial decree, as if such instrument had never existed.

While one cotenant cannot convey a portion of the common property in severalty, he may make a deed of all his interest in the property which will be valid and thereby substitute the grantee as a cotenant in his place.

Argued May 5th—decided June 14th, 1910.

ACTION to quiet and settle the title to real estate, and for other equitable relief, brought to and reserved by the Superior Court in New Haven County, *Williams, J.,* upon an agreed statement of facts, for the advice of this court upon questions stipulated by counsel pursuant to §§ 70, 71 of the rules of this court.

*Henry G. Newton* and *Harrison Hewitt,* for the plaintiffs.

*Edward H. Rogers,* for Josephine L. Hazelton Hill and Demetrius Cummings, defendants.

*William B. Stoddard,* for George L. Gerard, defendant.

*Harrison T. Sheldon,* for Frankie S. Garfield Emmons *et als.,* defendants.

*E. P. Arvine,* for Nathaniel L. Garfield, defendant.

PRENTICE, J. The general situation which has given rise to this controversy has been before us in some of its aspects upon four former occasions. The facts which enter into it are fully recited in connection with the report of these several appearances. The relation of the plaintiffs to the situation may be gathered from the report of the second of the cases, and that of the other parties to each other and to the property in dispute from that of the two cases which followed. The land described in the complaint is that known as No. 780 Chapel Street.

In *Ives* v. *Beecher*, 75 Conn. 153, 52 Atl. 746, no question of present significance was determined. The ultimate question involved in that case, which was one to foreclose a judgment lien, came before us later upon a reservation for our advice. *Ives* v. *Beecher*, 75 Conn. 564, 54 Atl. 207. We then advised that a judgment of foreclosure be rendered in favor of the plaintiffs, who are the plaintiffs here, and held that they would, by the filing and foreclosure of their lien, acquire whatever unexempt, alienable right, title or interest Mrs. Beecher had at the time their lien was filed in the several pieces of land described therein, one of which was No. 780 Chapel Street. What the measure of that right, title or interest was we did not determine. Judgment was subsequently rendered pursuant to the advice, and there was no redemption.

*Gerard* v. *Ives*, 78 Conn. 485, 62 Atl. 607, was a suit brought under § 4053 of the General Statutes against the present plaintiffs by Gerard—who was the only child ever born to Mrs. Beecher, and her prospective heir at law—to determine the title to this property, No. 780 Chapel Street. He presented the claim that he was the owner in fee, subject to the outstanding life estate in his mother, who was still living at nearly ninety years of age. He asserted this claim, first, by virtue of the terms of Sarah L. Maltby's will and the

distribution of her estate made thereunder, and second, by virtue of that distribution when taken in connection with the facts and circumstances which attended and followed the making of it, all together creating a family agreement such as was recognized in *Ward* v. *Ives*, 75 Conn. 598, 54 Atl. 730. We held that Gerard took no interest whatsoever in the property under Mrs. Maltby's will, that he took none under the distribution, since it was one made for the purpose of carrying the will into effect, and that he acquired none under the distribution taken in connection with the facts and circumstances which attended and followed its making. We held that these facts and circumstances differed so widely from those presented in *Ward* v. *Ives* that the situation was not brought within the doctrine of that case.

*Gerard* v. *Beecher*, 80 Conn. 363, 68 Atl. 438, was another proceeding brought under the statute by Gerard to settle the title to this same piece of land. This time persons were made parties defendant who were not in the former suit, and through the medium of a cross-complaint questions relating to the title to No. 782, which was in some ways complicated with that to No. 780, were also presented. The parties included all those who are in the present action, save only two defendants whose claims are in subordination to those of codefendants under whom they hold by conveyance, and all who could claim any interest in No. 780, either by descent from Mrs. Maltby or by force of any construction which might be given to her will or to the distribution of her estate, or by virtue of any so-called family agreement, within the meaning of the decision in *Ward* v. *Ives*. Mrs. Beecher, who was then alive, was a party, as were the present defendants, viz., Gerard, Nathaniel L. Garfield, the widow and children of John H. Garfield, deceased, whose estate had been

settled and all claims against it paid, and Mr. and Mrs. Hill. The rights of all of these parties whose claims rested either upon descent from Mrs. Maltby, a devise by her, distribution of her estate, or a so-called family agreement, were reviewed and fully adjudicated. At this time the claim was especially urged upon us that the distribution, in so far as portions of Mrs. Maltby's estate were intestate, was to be regarded as one of such estate, and not as one under the will, and given effect accordingly. It was contended that when so regarded it was in itself effective to give to Gerard the fee in No. 780, subject to his mother's life estate, and, if not so effective, that when it was considered in connection with the facts and circumstances which attended and succeeded it, an operative family agreement would be created which would lead to that result. We denied all these claims, adjudged that Gerard had no interest in the property by force of any or all of the facts relied upon by him as stated, and that the remainder claimed by him was the intestate estate of Mrs. Maltby, with the result that upon her death it passed to her heirs at law, and affirmed the judgment of the trial court to that effect, from which appeal had been taken.

It thus appears that there was then a final adjudication, binding upon all the parties concerned, that the fee of the property in question, subject to Mrs. Beecher's life estate, was the intestate estate of Mrs. Maltby, and also that there had been no distribution of her estate in intestacy. There was not then, and is not now, any question as to the persons who, by operation of law, and regardless of alienations or appropriations by legal processes, would thus have become and now be entitled to her undistributed realty, and the share and interest of each therein. Mrs. Beecher, during her life, would have been entitled to an undivided one fourth thereof,

and, following her death, her son; Nathaniel L. Garfield and Mrs. Hill would each be entitled to an undivided fourth, and the widow and heirs of John Garfield, deceased, to the remaining fourth. That adjudication, therefore, was one which judicially established that the title to the property, except as it may have been affected by transfers of it through conveyances since Mrs. Maltby's death or as the result of legal processes, is in the persons indicated as tenants in common in the shares stated. The judgment in *Ives* v. *Beecher*, 75 Conn. 153, 52 Atl. 746, also judicially established that the present plaintiffs had become substituted for Mrs. Beecher's son, as the owners of the undivided one fourth which was hers.

Two things have happened since this adjudication was made: Mrs. Beecher has died, and in 1909 the General Assembly passed an Act which reads as follows: "Whenever, in the distribution of any estate, . . . there shall be set out either real or personal property to one for life, and after the decease of the life tenant to the life tenant's heirs, the word 'heirs' shall be prima facie evidence that the estate is set to and vested in the children of the life tenant." Public Acts of 1909, p. 1057, Chap. 133.

The chief significance of Mrs. Beecher's death lies in the fact that her life estate has terminated, and that the interest of the plaintiffs in the property by reason of that fact has become so changed as to prompt them to ask for an adjudication upon the matter of claimed betterments resulting from improvements made upon the property by Mrs. Beecher, and their interest arising therefrom, and for relief by way of a sale of the property and a division of the proceeds. The plaintiffs have also presented the claim that Mrs. Beecher took under Mrs. Maltby's will and distribution a fee in the entire property.

The extent and character of Mrs. Beecher's interest has been fixed by the former adjudications.

The statute is relied upon by Gerard, and in support of him by the Hills, as accomplishing a complete reversal of former conclusions expressed in judgments rendered, and as now requiring at the hands of the Superior Court a judgment announcing such reversal, and adjudging that under the distribution of Mrs. Maltby's estate Gerard, as the only child of Mrs. Beecher, is vested with the fee of the property in controversy.

The most apparent answer to this contention is found in the fact that the statute is not a retrospective one. The presumption is that statutes are intended to operate prospectively. They should never be construed as having a retrospective effect unless their terms show clearly and unmistakably a legislative intention that they should so operate. *Atwood* v. *Buckingham*, 78 Conn. 423, 426, 62 Atl. 616; *Goshen* v. *Stonington*, 4 Conn. 209, 222; *State ex rel. Judson* v. *County Commissioners*, 68 Conn. 16, 24, 35 Atl. 801; *Murray* v. *Gibson*, 15 How. (U. S.) 421, 423. "Retroaction should never be allowed to a statute unless it is required by express command of the legislature or by an unavoidable implication arising from the necessity of adopting such a construction in order to give full effect to all its provisions." *Middletown* v. *New York, N. H. & H. R. Co.*, 62 Conn. 492, 497, 27 Atl. 119; *Smith* v. *Lyon*, 44 Conn. 175, 178. The language of the statute before us, taken in its natural import, looks forward rather than backward. As we said of the statute in the next to the last case cited, so we may say of this, and with equal propriety, that there is nothing in it "that hints at the past in express terms, and certainly nothing authorizing us to infer that a retrospective application was intended by the legislature." *Middletown* v. *New*

*York, N. H. & H. R. Co.,* 62 Conn. 492, 498, 27 Atl. 119.
Certainly we cannot say that its terms show clearly
and unmistakably that it was the legislative intention
to give it a retroactive effect.

It would, however, avail Gerard not at all, if the
intent of the legislature to give to the Act a retrospec-
tive operation was indisputably shown by its terms.
We have no occasion to inquire whether or not the
rights of the parties who claim through Mrs. Maltby
were not so fixed after her death, and the distribution
of her estate by the law as it then was, that any attempt
to interpose legislative action of the character of the
present would be forbidden as an interference with
vested rights. Certain it is that when those rights had
been judicially passed upon and declared by a judgment
of the Superior Court, they then became vested as so
declared, and so vested that they were removed beyond
the reach of legislative action. *Gilman* v. *Tucker,* 128
N. Y. 190, 203, 204, 28 N. E. 1040. A judgment is a
contract which, after the right of appeal has expired,
has ripened into an unchangeable one, and becomes
property. It has then passed beyond the reach of
legislation. *Germania Savings Bank* v. *Suspension
Bridge,* 159 N. Y. 362, 368, 54 N. E. 33. A final judg-
ment when rendered is the representative of property
in its highest form and cannot be disturbed by legis-
lation. *Gompf* v. *Wolfinger,* 67 Ohio St. 144, 151,
65 N. E. 878; *Atkinson* v. *Dunlap,* 50 Me. 111; *Davis* v.
*Menasha,* 21 Wis. 491; *Wieland* v. *Shillock,* 24 Minn.
345; *Dorsey* v. *Dorsey,* 37 Md. 64; *McCabe* v. *Emerson,*
18 Pa. St. 111; *Taylor & Co.* v. *Place,* 4 R. I. 324;
*Livingston* v. *Livingston,* 74 N. Y. App. Div. 261,
77 N. Y. Supp. 476.

The conclusions thus far recited dictate the advice
which must be given in answer to seven of the questions
stated in the stipulation which forms the basis of the

reservation. The Superior Court is advised that the statute referred to has no application to the situation presented by the record; that the judgments rendered in the two actions brought by George L. Gerard against these plaintiffs and others, which were affirmed by this court as reported in 78 Conn. 485, 62 Atl. 607, and 80 Conn. 363, 68 Atl. 438, embody conclusive adjudications of the fact that Gerard, at the time of their rendition, had no interest in the property No. 780 Chapel Street, except such as he may have acquired under the deed from Umberto Dante Garfield described in the finding; that Gerard, upon the death of his mother, Mrs. Beecher, did not become entitled to the possession of said property as the owner thereof and in fee simple; that each of the defendants, Nathaniel L. Garfield and Josephine L. Hazelton Hill, owns in fee simple an undivided one-fourth part of said property; and that the remaining fourth part was vested in John H. Garfield at the time of his death, and is now vested in the defendants Umberto Dante Garfield and James A. Lyon Garfield, subject to the dower rights of their mother, the defendant Frankie S. Garfield Emmons, save as the title thereto may be affected by the conveyances made by the last two named Garfields, which remain to be hereinafter considered.

The plaintiffs claim that Mrs. Beecher was entitled to compensation from the other owners of the reversionary interest in the property, by reason of the improvements which, during the continuance of her life estate, she made upon it in the belief that upon her death it would pass to her heirs; and that the plaintiffs, by virtue of the foreclosure of their lien, are entitled to receive out of the proceeds of a sale, if ordered as prayed for, the amount of such compensation. They contend that they are in a position to be substituted for her in the enforcement of any claim of this character which could be

enforced in her interest. This contention involves the maintenance of two independent propositions, to wit: (1) that the circumstances attending the making of the improvements by Mrs. Beecher were such as to justify the assertion of a claim in equity for compensation for them, and (2) that the plaintiffs by their foreclosure have come into the rights in that regard which otherwise would be enjoyed by her estate.

We have no need to enter upon an examination of the question as to what the rights of Mrs. Beecher's estate, arising out of the circumstances under which the improvements were made by her, or the conduct of the parties interested in the estate, or both together, might, in the absence of the foreclosure, be. It is sufficient for the negation of the plaintiffs' contention that they have not succeeded in appropriating to themselves any claim of that character and in coming into a position to enforce such a claim.

It is the policy of our law that all the property of a debtor should be responsible for his debts, and in consonance with this policy we have held that our statutes regulating attachments and executions subject to these processes certain equitable interests in property. The interests which have been thus brought within the reach of execution have included the equitable title which a *cestui que trust* has in lands or property, the legal title of which is held by another under a trust for his benefit, the equity of redemption in property subject to a mortgage, the equity in shares of stock pledged as collateral for a loan, and the income of a trust fund which the *cestui que trust* is entitled to receive as of right. *Punderson* v. *Brown*, 1 Day 93, 96; *Davenport* v. *Lacon*, 17 Conn. 278, 281; *Middletown Savings Bank* v. *Jarvis*, 33 id. 372, 379; *Ives* v. *Beecher*, 75 id. 564, 568, 54 Atl. 207; *Loomer* v. *Loomer*, 76 Conn. 522, 528, 57 Atl. 167. These equitable interests are of a very dif-

ferent character, however, from that which it is sought to here appropriate. It is doubtless true, in a sense, that an equitable right to have compensation for betterments is one which charges the land with a lien which courts of equity will upon proper occasion recognize, and by appropriate processes enforce. This charge, however, does not in strictness constitute a lien on the estate. *Griswold* v. *Bragg*, 48 Conn. 577, 581; 1 Story's Equity Jurisp. (12th Ed.) § 655; Freeman on Cotenancy & Partition (2d Ed.) § 510. But not all interests in property can be appropriated by a levy of execution upon the property. That of a mortgagee cannot. *Huntington* v. *Smith*, 4 Conn. 235, 237; *McKelvey* v. *Creevey*, 72 id. 464, 467, 45 Atl. 4; *Pettus* v. *Gault*, 81 Conn. 415, 419, 71 Atl. 509. In like manner an interest which is so indeterminate, uncertain, or contingent that it is incapable of being appraised or sold with fairness to both the debtor and creditor, may not be thus levied upon. In *Smith* v. *Gilbert*, 71 Conn. 149, 154, 41 Atl. 284, this matter was fully discussed and passed upon, and we held that while an interest which was not strictly goods or lands might be taken, it was only when that interest was property capable of ascertainment, definition and valuation, that such was the case. The situation here is one which clearly brings any uncertain, undetermined equity which Mrs. Beecher may have had for compensation for her improvements, within these qualifying principles, and makes it certain that it was not open to a levy of execution upon the realty, or interest therein, to satisfy the judgment of these plaintiffs. That which cannot be taken upon execution cannot be reached by a judgment lien. General Statutes, § 4151; *Ives* v. *Beecher*, 75 Conn. 564, 567, 54 Atl. 207. The Superior Court is advised that the plaintiffs are not entitled to compensation out of the proceeds of any sale of the property in question, which may be

ordered, by reason of any improvements Mrs. Beecher may have made thereon.

We are asked whether the defendants, or any of them, have a right to an accounting by the plaintiffs for the rents and profits received by the latter from the property; whether, if so, and it appears upon such an accounting that the net sum so received by them equals the amount of their original judgment with interest to date, the defendants, or any of them, are entitled to a judgment that the plaintiffs be ordered to release their interest in the property; and whether, if an accounting be had and it appears therefrom that the net receipts of the plaintiffs are less than the amount of said judgment and interest, the defendants or any of them have the right to redeem said property by the payment to the plaintiffs of the balance.

The answer to the first of these inquiries is that the plaintiffs are not bound to account to any of the defendants for the rents and profits received by them from the premises during the life of Mrs. Beecher. During that period they received them as standing in her shoes and in their own right. For any receipts from the property since her death they are bound to account to their cotenants. The answer to the two remaining questions must for obvious reasons be in the negative.

Our advice is further asked as to the effect to be given to certain deeds which have passed between certain of the defendants, and as to the judgment which should be rendered in relation to them, to wit: one from James A. Lyon Garfield to his mother, Frankie S. Garfield Emmons, executed December 3d, 1901; two from said James A. Lyon Garfield to Charles McCarthy, bearing date, respectively, March 16th and March 25th, 1903; and one from Umberto Dante Garfield to George L. Gerard, under date of December 8th, 1905.

With respect to the first-named of these deeds, the

finding is that it was made by the son to his mother when he was of full age, free from debt, and possessed of other property, and that it was made for the consideration of love and affection, with a view of providing for the future comfort of the mother, with the intent to thereby convey to her all the interest which he inherited from his father in property located in New Haven, and in the belief that he thereby did convey all such interest to her. The deed in its descriptive part purports to convey to the grantee "all land, real estate, and interest in and to real estate which was owned by or held by my father, John H. Garfield, formerly of the city of New Haven, and State of Connecticut, and being all my right, title and interest in and to all real estate situated in the said city of New Haven, and State of Connecticut, inherited by, and now held by me, said James A. Lyon Garfield, and more particularly described as follows, viz: . . . ." There then follows a description by metes and bounds of five tracts, but none of them is that now in controversy. Here, as in the case of *Cake* v. *Peet*, 49 Conn. 501, we have no occasion to inquire whether or not the deed as executed was effective to convey to the grantee the grantor's interest in No. 780 Chapel Street not specifically described. The evidence of the intention of the parties is such that there should be rendered in this case, as in that, a judgment of reformation, so that the instrument shall be made to unmistakably express the intention of the parties.

The facts found as to the two deeds to McCarthy, which are quitclaims, are that their existence or pretended existence first became known to the grantor after the institution of the present suit, that the grantor was never indebted to McCarthy, never received any money or valuable thing from him, and never knowingly executed the deeds, and that McCarthy has never

claimed any interest or share in the rent, income, or profits of the property described in them. McCarthy has made default of appearance, and judgment by default has been entered against him.

The defendant grantor is entitled to a judgment setting these deeds aside and decreeing the right, title and interest purporting to have been conveyed thereby to be vested in him, as though they had never existed.

The last deed in the above list is a quitclaim of all the grantor's interest in the property in question. It is charged that it is void as being an attempt by one cotenant to convey his interest without the consent of his cotenants. We know of no rule of law which leads to that result. The grantor quitclaimed all of his interest in the property. He did not undertake to convey a part in severalty, thus seeking to accomplish a division by his own unaided act, and deprive his cotenants of their interest in the part conveyed. His action was not, to use the language of the cases, against his cotenants, and did not purport to affect their rights as cotenants of the whole. *Griswold* v. *Johnson*, 5 Conn. 363, 366; *Marshall* v. *Trumbull*, 28 id. 183, 184; *Hartford & Salisbury Ore Co.* v. *Miller*, 41 id. 112, 129. The end sought by the instrument was the substitution of the grantee for the grantor, as the owner of the interest which the latter had had. It is competent for a tenant in common to make such a substitution by his conveyance. *Staples* v. *Bradley*, 23 Conn. 167, 170; *Young* v. *Williams*, 17 id. 393, 397.

So far we have discussed the questions presented as related to No. 780 Chapel Street only, and given advice in answer to them only in so far as that property was concerned. The parties have, however, as they did in *Gerard* v. *Beecher*, 80 Conn. 363, 68 Atl. 438, filed counterclaims involving the closely related title to No. 782, and certain of the questions embodied in the

stipulation, which is the basis of the reservation, have reference to the latter property and the issues framed by counsel with respect to the title to it. In so far as this is the case, our advice already given as bearing upon the title to No. 780 furnishes to the trial court a sufficient guide for its action in adjudicating the title to No. 782, without a further statement, which would in all essentials be merely repetitious.

The Superior Court is advised to render its judgment in conformity to the foregoing advice.

In this opinion the other judges concurred.