## JOSEPH CZEL ET AL. v. HELEN H. PARKS ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 77742

Memorandum filed June 14, 1949.

*Keogh & Candee*, of South Norwalk, for the Plaintiffs.

*Vogel & Sigsway*, of South Norwalk, for the Defendants.

ALCORN, J. This is an action for equitable relief and damages in which the plaintiffs seek to set aside a deed upon the ground that the grantor was mentally incompetent to execute it and that the grantee exercised undue influence over him; and further to recover for the loss of rents and profits from the real estate described in the deed. Both the grantor and the grantee have died. The court has by order previously directed that the plaintiffs may submit certain of the issues for determination by a jury.

This motion arises as a result of an informal discussion between counsel and the undersigned, before whom the case came on for trial with a jury. At that time the plaintiffs claimed the right to exercise the peremptory challenges permitted to individual plaintiffs in civil actions for each of the seventeen plaintiffs named in the writ. The defendants objected and at that time the grantor's will was not a part of the file, so that the interest of the plaintiffs, if any, was not a matter of record. As a result of the discussion it was agreed by counsel that before proceeding to trial the formality of a determination as to

the proper parties be submitted to the court for determination. Since that time the grantor's will has been filed as exhibit A and discloses that the land which is the subject of this action is not devised to any of the plaintiffs but, on the contrary, provides that it shall be sold upon the death of the grantor's wife, who is the person charged with undue influence in this action, and that from the proceeds of that sale or otherwise out of the estate all of the plaintiffs receive cash legacies.

Two of the plaintiffs are Joseph and Louis Czel, as executors under the will of the grantor. In addition they and the fifteen other plaintiffs named are legatees under the will. The only allegation of the complaint which involves the legatee plaintiffs is the sentence in paragraph 4 that "The plaintiffs are now entitled to their interest under the will of Stephen Halas." The defendants are the administratrix and sole heirs-at-law of the grantee.

The executors of the grantor are proper parties rather than the legatees under his will. *Butler* v. *Sisson,* 49 Conn. 580. They have brought the action and any judgment they secure will inure under the will to the benefit of the other plaintiffs without the necessity of their appearing as parties. It is true that all persons having an interest in the subject of the action and in obtaining the judgment demanded may be joined as plaintiffs. General Statutes, Rev. 1949, § 7823. And it is equally true that plaintiffs may ordinarily bring actions jointly or severally as they consider their rights to require. *Hurd* v. *Hotchkiss,* 72 Conn. 472, 478. The present motion, however, is by the plaintiffs "that this Court make a determination concerning which plaintiffs and which defendants are proper parties to this action, and that any of the present parties who are not determined to be proper parties be ordered dropped from this action." While in argument the plaintiffs maintained that they are all proper parties, nevertheless, the record makes it clear that they are requesting a determination of that issue by the court and consenting that it be determined. Clearly enough the court has authority to drop the parties who are misjoined as it may deem the interest of justice requires. General Statutes, Rev. 1949, § 7830.

While the complaint does not specifically state that the grantee died intestate, nevertheless, its allegations concerning the appointment of one of the defendants as administratrix and the status of the administratrix and the other defendant as sole

heirs-at-law warrant the construction that intestacy is involved. Therefore, the administratrix and heirs-at-law who would take the property by inheritance are proper parties defendant. *Ives* v. *Beecher,* 75 Conn. 153.

An order may enter determining the proper parties plaintiff to be Joseph Czel and Louis Czel as executors and the proper parties defendant to be those named in the writ. An order may enter dropping Joseph Czel and Louis Czel in their individual capacity and the other fifteen individual plaintiffs named in the writ.