THE MECHANICS BANK OF NEW HAVEN *vs.* CHARLES
JOHNSON ET ALS.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Assignments of error, based upon the overruling of the appellant's
claims of law, should refer to the appropriate paragraphs of the
finding as made, and not to the paragraphs of the draft-
finding.

After the duly recorded assignment of a mortgage, payments made
to the mortgagee are not binding upon the assignee, in the
absence of circumstances creating an estoppel, agency, or the
like.

A promissory note for a certain sum plus another indefinite sum,
is not a negotiable instrument as defined by § 4359 of the General
Statutes, except in the instances specified in § 4360; and, there-
fore, since the taxes to be assessed against the payee or holder
of a note are uncertain in amount and subject to fluctuation
according to collateral circumstances, a provision for their
inclusion in the indebtedness renders the instrument non-
negotiable.

Such a provision, however, if contained in a mortgage given to
secure the note, but not in the note itself, does not destroy the
negotiable character of the latter, for the note and mortgage
are separate instruments, executed for different purposes, and
the terms of the mortgage are not to be, in effect, incorporated
by construction as a part of the note.

While it is generally true that one who takes an assignment of a
nonnegotiable note, secured by mortgage, does so subject to
all the defenses and equities which the mortgagor might have
set up against the original mortgagee, nevertheless, if notice of
the assignment is given within a reasonable time, the mortgagor
is limited to such defenses and equities as existed in his favor
prior to the assignment and cannot avail himself of such as
arose thereafter.

The defendant made to C a nonnegotiable note for $5,000, secured
by mortgage, which C straightway assigned to the plaintiff
bank as collateral security for a loan to himself and S. Sub-
sequently the defendant made payments totaling $3,000 to
C and S in reduction of his mortgage debt, but C and S, mis-
applying these funds, transferred them to the plaintiff to be
credited upon their loan, and the plaintiff, acting in good faith,

Mechanics Bank *v.* Johnson.

received them for that purpose. Several months thereafter the loan from the plaintiff to C and S was substantially increased, a new note was given, and, in the process of rearranging the collateral for the loan, a new assignment of the defendant's note and mortgage was executed to the plaintiff. The present action was brought to foreclose this mortgage. *Held* that the defendant was entitled to the benefit of the payments to C and S, since the equities resulting in favor of the defendant from his payments arose prior to the second assignment to the plaintiff of the note and mortgage which, under the circumstances, was an entirely new transaction and not a mere continuation of the original assignment.

Argued June 3d—decided July 30th, 1926.

ACTION to foreclose a mortgage of real estate, brought to the Superior Court in New Haven County and tried to the court, *Wolfe, J.;* judgment for the plaintiff, and appeal by the defendant Charles Johnson. *Error; judgment to be corrected in accordance with the opinion.*

*Joseph Manfreda,* for the appellant (defendant Charles Johnson).

*Charles J. Martin,* for the appellee (plaintiff).

HINMAN, J. The mortgage sought to be foreclosed is upon three pieces of land in Wallingford, and is dated January 11th, 1924; it was given by the defendant Johnson to secure a note of the same date for $5,000, payable to the order of James H. Clark "with interest at the rate of 7 per cent per annum, payable annually, together with all taxes assessed upon said sum against said payee or the holder of this note." Clark also held another note for $3,000 given by Johnson, secured by mortgage on land in Hamden. On that date the plaintiff loaned $8,000 to Clark and one Snyder, and Clark indorsed the Johnson $5,000-note in blank, delivered it and the mortgage to the plaintiff,

together with the $3,000-note and mortgage, as collateral security for the loan, and assigned the note and mortgage to the plaintiff, the assignment being duly recorded.

On May 12th, 1924, Johnson met Clark at the plaintiff bank and gave him a check for $1,000, to be applied on the $5,000-mortgage. The check was, without Johnson's knowledge, paid to the plaintiff by Clark and Snyder to apply on their indebtedness, but they did not apply it on the mortgage note. On the same day Clark and Snyder gave the plaintiff a new collateral note for $7,189.78, being the balance of the principal of the original note of $8,000, plus interest, and the latter note was cancelled.

Again, on September 12th, at the plaintiff bank, Johnson gave Clark and Snyder a check for $2,000, to be applied in reduction of his mortgage indebtedness. Clark and Snyder delivered the check to the plaintiff with directions, unknown to Johnson, to apply it on their indebtedness, and did not apply it on the mortgage note. Thereupon Clark and Snyder gave the plaintiff a renewal collateral note for $5,350.

Clark and Snyder had also borrowed from the plaintiff, on January 18th, 1924, another $8,000, secured by note and mortgage of one Rickles, as collateral. On January 10th, 1925, in order to free his Hamden property from mortgage, Johnson paid Clark and Snyder, by check drawn to his order, $2,970.50, which they also indorsed and delivered to the plaintiff. The plaintiff thereupon reassigned Johnson's $3,000-note and mortgage to Clark and Snyder, and at their direction applied the check in reduction of their indebtedness.

Of Clark and Snyder's total indebtedness to the plaintiff, originally evidenced by the notes of January 11th and January 18th, 1924, $10,129.14 remained un-

paid on January 10th, 1925, and they executed and delivered one collateral note of that date for that amount, describing the collateral security therefor as the Johnson mortgage and note of $5,000, the Rickles mortgage and note of $8,000, and a mortgage and note of Snyder for $4,000. On the same day they gave the plaintiff a new assignment of the Johnson note and mortgage, no part of which has since been paid to the plaintiff, and all the collateral security is not sufficient in value to meet the balance due plaintiff from Clark and Snyder.

In addition to the above facts, the trial court further finds that the plaintiff was not informed by Johnson, and had no knowledge, that the payments by the checks for $1,000 and $2,000 were made by him to Clark and Snyder to be applied upon his mortgage indebtedness, but that the plaintiff received the checks from Clark and Snyder, and by their direction applied the same in reduction of their indebtedness, in good faith and in the regular course of business; and that the plaintiff is the bona fide holder of the mortgage note for $5,000, and that it is due and wholly unpaid.

The defendant's contention, under his special defense, was that he was entitled to credit $2,650 upon the principal, being the balance of the $3,000 payments after covering interest on the mortgage debt, and he made offer of judgment of $2,350, as balance of principal, with interest.

All of the reasons of appeal relate to the overruling by the court of appellant's claims of law. The appellee justifiably criticizes the form of these assignments in that they refer to paragraphs of the request for finding instead of to the paragraphs of the claims of law set forth in the finding as made. (See Form 3, paragraph 5, Practice Book, p. 313.) However, as the claims of law appearing in the finding are practically identical with those in the request, except one, we pass upon

the reasons of appeal except that relating to the omitted paragraph.

Most of these claims are disposed of by the finding of facts. The plaintiff is not a transferee after maturity. Since it is found that the plaintiff had no knowledge that the payments by Johnson to Clark and Snyder were made to apply on the mortgage, the plaintiff was not accountable for the failure to apply the payments to the credit of the mortgage note. Payments made to the mortgagee (Clark) after he had assigned the mortgage and the assignment had been recorded were not binding upon the transferee (plaintiff) in the absence of proof of agency, estoppel, or the like, which is lacking here. 3 Jones on Mortgages (7th Ed.) § 1512; *Bettle* v. *Tiedgen,* 77 Neb. 799, 116 N. W. 959.

The first open question is as to whether or not the mortgage note is negotiable. Section 4359 of the General Statutes provides, among other essentials, that an instrument, to be negotiable, "must contain an unconditional promise or order to pay a sum certain in money." This requirement is not met if the promise be to pay a certain sum plus another indefinite sum, except in the instances specified in § 4360. The provision for the payment of taxes assessed upon the principal of the note is not included within these instances and renders the sum payable uncertain and the note nonnegotiable. The taxes are not due or ascertained at the time of the execution of the note and those which may be assessed in the future depend upon undetermined and varying rates of taxation, so that the amount to be paid by the maker will fluctuate according to collateral circumstances dependent upon the domicil of the holder. *Bright* v. *Offield,* 81 Wash. 442, 143 Pac. 159; *Page* v. *Ford,* 65 Ore. 450, 45 L. R. A. (N. S.) 247, 131 Pac. 1013; *Smith* v. *Myers,* 207 Ill. 126, 69 N. E. 858; *Walker* v. *Thompson,* 108 Mich. 686, 66 N.

Mechanics Bank *v.* Johnson.

W. 584; *Des Moines Savings Bank* v. *Arthur*, 163 Iowa, 205, 143 N. W. 556; *Farquhar* v. *Fidelity Insurance, T. & S. D. Co.*, 8 Fed. Cas. No. 4676; *Vancouver National Bank* v. *Starr*, 123 Wash. 58, 211 Pac. 746; 8 Corpus Juris, p. 146; 3 R. C. L. 919; 1 Joyce on Defenses to Commercial Paper (2d Ed.) § 8, p. 20.

A similar provision in a mortgage given to secure a note, but not also contained in the note, does not, however, render the note nonnegotiable. The note and mortgage are separate instruments, executed for different purposes, and provisions in the mortgage may not be, in effect, incorporated by construction as a part of the note. (See cases cited, *supra*.) When a note secured by mortgage is nonnegotiable, one who takes an assignment of the note and mortgage does so subject to all existing defenses and equities which the mortgagor might have set up against the original mortgagee, and the mortgagor may set up the same defenses against the assignee of which he might have availed himself against the original mortgagee. But all such defenses and equities must have existed in favor of the mortgagor prior to the assignment if notice of the assignment be given within a reasonable time. The assignee is not affected by defenses arising after the assignment and notice and which had no existence at the time of the assignment. 2 Jones on Mortgages, §§ 841, 842, 847; Ogden on Negotiable Instruments, § 117; *Adams* v. *Leavens*, 20 Conn. 73.

The note here in question being nonnegotiable, the plaintiff, when it took the assignment of January 11th, 1924, did so subject to defenses, if any, existing in favor of Johnson against Clark at the date of the transfer, but as the payments for which Johnson claims credit were made after the seasonable recording of the assignment, they would not be available against the plaintiff as assignee of the note and mortgage under that as-

signment. Nor would they now be available if, as the plaintiff alleges in its amended complaint, the assignment of January 10th, 1925, only served to continue the first assignment in effect, and if, consequently, the rights of the parties are to be determined as of the date of the first assignment, January 11th, 1924.

The court has found, however, that the 1925 assignment was a new assignment and the instrument, made part of the finding, is a complete assignment of the note and mortgage, identical in terms with the 1924 assignment except as to date of execution, and makes no reference to the prior assignment. It was given, as above stated, as collateral security for a new note given by Clark and Snyder to the plaintiff covering the consolidated amount of the balance of the $8,000-note, to secure which the first assignment was given, and the other $8,000-note of January 18th, 1924, theretofore secured by the Rickles note and mortgage. Except the absence of a formal release or reassignment by the plaintiff of the 1924 assignment, the transaction of January 10th, 1925, has all the characteristics of a new and, in effect, independent transaction, and for the purposes of ascertaining the rights of the parties must be so regarded. At the time when the second assignment was made and taken (January 10th, 1925) Johnson, as against his original payee and mortgagee, Clark, had a right to set off the payments which he had previously made; this defense existed prior to and at the date of the new assignment, and the plaintiff took subject thereto,—that is, subject to credit for the $3,000 previously paid on account of the mortgage note. It follows that the amount of the debt fixed in the judgment as rendered, $5,540, is excessive; there should be credited against it, the $1,000 payment of May 12th,

1924, and $2,000 as of September 12th, 1924, and the interest computed accordingly.

There is error and the cause is remanded to the Superior Court with instructions to correct the judgment in accordance with the above conclusion.

In this opinion the other judges concurred.