WILLIAM J. MAZURKIEWICZ *vs.* PETER DOWHOLONEK
ET AL.

First Judicial District, Hartford, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 14th—decided March 3d, 1930.

*Emanuel G. Goldstein,* for the appellant (plaintiff).

*William M. Harney,* for the appellees (defendants).

BANKS, J. The amended complaint alleged that the defendant Dowholonek executed a mortgage note dated November 21st, 1925, in the sum of $2600, payable to the defendants Walenty Blaszczyk and Gustawa Blaszczyk, or order, in instalments as stated therein, with interest at six per cent "together with any and all lawful taxes which may be assessed on said principal sum"; that the defendants Blaszczyk on January 16th, 1926, indorsed and assigned the note to the plaintiff for value, and that it was due and unpaid. The complaint contained no allegation of presentment to the maker, but alleged that the plaintiff was unable by the exercise of due diligence to collect the note from the maker since the latter did not possess sufficient assets to satisfy the note. The defendants Blaszczyk demurred to the complaint upon two grounds, first, that there was no allegation of presentment of the note, and second, that it did not appear from the allegations of the complaint that plaintiff had exercised due diligence in attempting to collect the note from the maker. The court sustained the demurrer upon the first ground, and, the plaintiff having failed to plead over or to prosecute the action against the defendant Dowholonek, rendered judgment in favor of the defendants Blaszczyk.

With certain exceptions not here involved, presentment of a negotiable promissory note for payment is necessary in order to charge the indorsers. General Statutes, § 4428. The first ground of demurrer is based

upon the assumption that the note here involved is a negotiable instrument. Section 4359 of the General Statutes provides, among other essentials, that an instrument to be negotiable "must contain an unconditional promise or order to pay a sum certain in money." In *Mechanics Bank* v. *Johnson,* 104 Conn. 696, 134 Atl. 231, we held that a provision in a note for the payment of taxes assessed upon the principal of the note renders the sum uncertain and the note nonnegotiable. Chapter 240 of the Public Acts of 1927, enacted since the decision in *Mechanics Bank* v. *Johnson* and since the execution and indorsement of this note, provides as follows: "The sum payable, in the case of a negotiable instrument, is a sum certain within the meaning of Chapter 225 of the General Statutes, although it is to be paid . . . with provision for payment by the maker of taxes levied or assessed upon the instrument or the indebtedness evidence thereby." It must be presumed that the legislature intended this statute to operate prospectively and so to apply only to instruments executed subsequent to the date of its enactment. *Humphrey* v. *Gerard,* 83 Conn. 346, 352, 77 Atl. 65; *O'Connor* v. *Hartford Accident & Indemnity Co.,* 97 Conn. 8, 17, 115 Atl. 484. It cannot therefore affect the character of the note here involved. The legislature also enacted at the same session a statute which reads as follows: "Any mortgage note in which it shall have been stipulated that the mortgagor shall pay to the mortgagee or the holder of such note, all taxes, assessments and insurance or shall pay to the mortgagee or holder of such note, all taxes which may be assessed upon such note, and which is otherwise valid, is validated and confirmed as to the amount of the principal of such note, and the negotiability of such note is validated and confirmed. Any mortgage deed securing the payment of any such mortgage note and any assignment thereof are vali-

dated." Public Acts of 1927, Chap. 146. Relying upon this statute, the defendants contend that the note here in question, which is a mortgage note, must be held to be a negotiable instrument, and that the defendants cannot be charged as indorsers in the absence of allegation and proof of its presentment to the maker for payment. The contention of the plaintiff is that the rights and obligations created by the indorsement of this note cannot be altered by subsequent legislation which, in so far as it attempts to do so, is claimed to be unconstitutional.

While the language of this Act leaves much to be desired in the way of clarity, the intention fairly deducible from it would seem to be to provide that any mortgage note theretofore executed which possessed the characteristics of a negotiable instrument, except that it contained a provision for the payment of taxes, assessments and insurance, should be deemed to be a negotiable instrument. If this is the correct meaning to be ascribed to the Act, the result effected is to make the provisions of Chapter 240 of the Public Acts of 1927 retroactive in so far as they apply to notes secured by mortgage, thus making such notes, whether executed before or after such legislation, negotiable instruments although containing such provision for the payment of taxes. The Act is not subject to attack because it is retrospective in its operation. Such legislation is not of itself unlawful. *Atwood* v. *Buckingham,* 78 Conn. 423, 62 Atl. 616; *Curtis* v. *Whitney,* 80 U. S. (13 Wall.) 68. Validating Acts in their very nature are retrospec-- tive, but cannot be said to impair the obligation of the contract which they affect since their very purpose and effect is to give it validity. It will be observed that the Act is quite distinct in purpose and effect from the usual type of validating Acts so-called. Such Acts are usually enacted to cure or validate errors or irregulari-

ties in legal or administrative proceedings except such as are jurisdictional or affect substantive rights. Such are the Acts passed at each session of the legislature validating deeds which have been executed without one or more of the requisite legal formalities, and curing errors and irregularities in the actions of administrative boards and officials. This Act purports to validate any mortgage note in which it is stipulated that the mortgagor shall pay the taxes, assessments and insurance. Of course such a note is not rendered invalid by such stipulation and needs no validation. The Act further provides that "the negotiability of such note is validated and confirmed.' This is in effect a declaration that mortgage notes which have been executed containing such stipulation shall be deemed to be negotiable instruments. The effect of this is not, as in the ordinary validating Act, to make legal and regular that which was illegal and irregular, or to make valid and obligatory an instrument which because of some defect was invalid and inoperative. The effect is to change the character of the instrument from that of a nonnegotiable to that of a negotiable instrument. This changes the nature of the rights and obligations arising from the contract created by the indorsement of such note. The indorser of a nonnegotiable note warrants that it is justly due and payable according to its tenor, that the maker shall be able to pay it at maturity and that it is collectible by the use of due diligence. The indorser of a negotiable note engages that it shall be paid on presentment and that if dishonored, and the necessary proceedings of dishonor are duly taken, he will pay it. General Statutes, § 4424. To charge the indorser the holder must make presentment, demand and due notice to the indorser, all in accordance with the strict requirements of the law merchant. The statute therefore by changing the character of the instrument im-

poses a different contract upon the parties from the one originally contemplated. We cannot avoid the conclusion that the Act falls under the prohibition of § 10 of Article First of the Constitution of the United States because it impairs the obligation of a pre-existing contract, and is invalid to that extent. "To impair the obligation of a contract is to weaken it, or lessen its value, or make it worse in any respect or in any degree. 'The obligation of a contract includes everything within its obligatory scope.' *Edwards* v. *Kearzey*, 96 U. S. 595, 600. Any law which changes the intention and legal effect of the original parties, giving to one a greater and to the other a less interest or benefit in the contract, impairs its obligation. The extent of the change is immaterial. Any deviation from its terms by hastening or postponing the time of performance which it prescribes, or imposing conditions not included in the contract, or dispensing with the performance of those that are included, however small and unimportant they may appear to be in their effect, impairs the obligation of the contract. [Citing authorities.] The legislature may regulate the remedy and the methods of procedure under a past as well as a future contract, but it cannot impose new restrictions upon the enforcement of a past contract, so as materially to lessen its value and benefit to either party." *O'Connor* v. *Hartford Accident & Indemnity Co.*, 97 Conn. 8, 15, 115 Atl. 424.

Chapter 146 of the Public Acts of 1927 alters the terms and conditions of a valid and enforceable contract so as to impose upon the parties obligations different from those assumed by them when the contract was executed. This it was clearly beyond the power of the legislature to do.

It is the contention of the defendants that, even if the note be held to be nonnegotiable and therefore no presentment was required, the demurrer was rightly

sustained because it does not appear from the complaint that due diligence was exercised by the plaintiff in an attempt to collect the note from the maker. The indorser of a nonnegotiable instrument warrants that it is collectible by the use of due diligence. *Brown* v. *Wilcox,* 73 Conn. 100, 103, 46 Atl. 827. Due diligence requires that suit be brought and property attached without unreasonable delay where the maker has property sufficient to satisfy the note. *Perkins* v. *Catlin,* 11 Conn. 213, 223; *Castle* v. *Candee,* 16 Conn. 223. The note contains an acceleration clause providing that upon default in the payment of interest continuing for thirty days the principal of the note shall become due and payable at the option of the holder. The complaint alleges a default in the payment of interest due on November 21st, 1928, continuing for more than thirty days, and an election by the plaintiff to deem the unpaid balance of the note due and payable. Suit was brought against the maker on December 28th, 1928, within seven days after the note, by virtue of the acceleration clause, became at the option of the holder due and payable. It cannot be said that this was, as a matter of law, unreasonable delay. Furthermore due diligence does not require the holder of the note to bring suit against the maker when such suit would be fruitless. *Allen* v. *Rundle,* 50 Conn. 9; *Beitler* v. *Rudkin,* 104 Conn. 404, 408, 133 Atl. 214. The complaint alleges that the plaintiff is unable by the exercise of due diligence to collect from the maker since the latter does not possess sufficient assets to satisfy the note. In *Gillespie* v. *Wheeler,* 46 Conn. 410, we held that due diligence did not require suit by the holder when the maker had some property but not enough to satisfy the whole debt. The allegation here is in effect an allegation of the insolvency of the maker of the note, re-

lieving the holder of the obligation to bring suit. *Beitler* v. *Rudkin, supra.*

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.