MANUEL JOSELOFF
vs.
AXEL BERG, ET AL

Superior Court     Hartford County     File #52770

Present: Hon. JOHN A. CORNELL, Judge.

Aaron Nassau,        Attorney for the Plaintiff.

Gross, Hyde & Williams;
Dunning, Gaberman & Fox,    Attorneys for the Defendants.

## MEMORANDUM FILED JULY 1, 1936.

CORNELL, J. The reasons of demurrer filed, present the question whether the mortgage note in suit is negotiable.

Plaintiff's contention that it is nonnegotiable is based on the fact that it contains two clauses, which, he maintains make it so. These are the following:

"(1) the makers hereof . . . . agree that . . . . if any payment of taxes, or of any assessments, or of insurance premiums on said premises are not paid within a period of 30 days after any of the same become due and payable, then and thereupon, the entire balance of this note shall become immediately due and payable at the option of the holder hereof; and

"(2) and the makers further agree to keep insured against loss by fire, the buildings on said premises, to the benefit of and to the satisfaction of the holder of this note."

Among the other essentials which an instrument must exhibit, if it is to be deemed negotiable, is that "it must contain an unconditional promise or order to pay a sum certain in money". General Statutes, Rev. 1930, #4318. (2).

It has been definitely held that "this requirement is not met if the promise be to pay a sum certain plus another indefinite sum," except in the instances specified in #4360 (now General Statutes, 1930, #4319); Mechanics Bank vs. Johnson, 104 Conn. 696, 700.

The case cited had to do with a note in which the maker engaged to pay to the promisee, in addition to the principal sum and interest thereon, taxes assessed against the principal of the note. Were this the only authority in this state, I would hold that it is inapplicable to the instant case for reasons that it would be without purpose to state in view of later opinions of the Supreme Court of Errors.

In Mazurkiewicz vs. Dowholonek, 111 Conn. 65, the court was confronted with a suit on a mortgage note, which latter contained an accelerating clause in which the failure to pay (inter alia) "any taxes, insurance premiums or municipal assessments" within a stipulated number of days would provide

opportunity to the holder to demand payment of the entire principal sum. In determining the constitutionality of a legislative act which sought to "validate and confirm" the negotiable character of such a note, the court was required to say whether the note was negotiable or nonnegotiable.

Making no distinction between a note which required the maker to pay an indefinite sum in taxes assessed upon the principal sum of a note to the holder thereof, and one which only required payment of taxes, assessments and insurance premiums to others than the holder, assessed upon property securing the note by mortgage, the opinion squarely holds that the note in question was nonnegotiable and said, page 69, (referring to the validating act then under examination): "The effect is to change the character of the instrument from that of a nonnegotiable to that of a negotiable instrument."

The provision relating to payment of taxes in **Schumachar vs. Miller, 111 Conn. 568,** required payment thereof both when assessed against "the holder of this note" and against the property upon which it was secured by mortgage, as well as premiums for insurance on the buildings located thereon (see **Connecticut Supreme Court Records, First District, May Term, 1930, p. 396).** If there remained any doubt of the scope of the holding in **Mazurkiewicz vs. Dowholonek, supra,** it was dispelled by the opinion there, which said: "This note, executed December 30th, 1922, was because of the provision therein for the payment of taxes, a nonnegotiable note under the then existing statutory provisions". **(citing, Mechanic's Bank vs. Johnson,** and **Mazurkiewicz vs. Dowholonek, both supra.**

Finally, in **Piascyk vs. Malon, 116 Conn. 418, 423,** where the note provided for payment of taxes assessed on the principal sum against the holder and also acceleration of payment of the principal sum for nonpayment of municipal taxes, water rates, etc., it was said: "This note was clearly a nonnegotiable note".

As **Mechanics Bank vs. Johnson** was decided on the theory that the sum required to be paid lacked that certainty requisite to a negotiable instrument and the cases noted supra which followed it are without other explanation, it must be assumed that the same reasoning accounts for the rulings on the point, made in them.

In that situation, they must be regarded as controlling in this jurisdiction. From which it follows that the note in suit is nonnegotiable.

As concerns the other reason urged in support of the claim that the note is not negotiable under the provisions of **General Statutes, 1930, #4322**, the rationale of the opinion in **Mechanics Bank vs. Johnson, 104 Conn., 696, 700**, will be adopted. It was there said in effect that where one statute laid down a requirement for negotiable instruments and another stated certain named exceptions to it, that unless the note under consideration conformed to the requirement or its provisions fell within one of exceptions named, it was nonnegotiable.

Applying this to **General Statutes, 1930, #4322**, (which states that "an instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable except in certain instances specified") it is held that because the note in suit contains engagements to pay taxes and assessments on the mortgaged property and to insure, and pay premiums therefor, the buildings located thereon, and such promises are in addition to that to pay the principal sum and are not mentioned in any of the exceptions, it is nonnegotiable.

The arguments presented by counsel have been very interesting. The authorities cited have all been examined, notwithstanding what is written above.

While it would be possible to support a different conclusion than is reached here by another line of reasoning, it could only be done by ignoring the plain and controlling effect of authority in our own state.

The demurrer is overruled.