AMERICAN MASON'S SUPPLY COMPANY *v.* THE F. W. BROWN COMPANY ET AL.

SUPERIOR COURT      MIDDLESEX COUNTY      FILE No. 20596

Memorandum filed June 28, 1971

*Harry L. Nair,* of Hartford, for the plaintiff.

*Horwitz & Tamborra,* of Norwich, for the defendants.

PALMER, J. The plaintiff brought this action on a construction bond under § 49-42 of the General Statutes, seeking reimbursement for materials alleged to have been furnished to B & G Construction Company, a subcontractor of defendant The F. W. Brown Company, which had contracted with Regional School District No. 4 for the construction of the Valley Regional Junior High School in the town of Deep River in that school district, which serves four towns located within Middlesex County (and not within New London County as alleged in the complaint).

The essential allegations of the complaint, which are admitted by the demurrer, may be briefly summarized. On or about January 15, 1969, Regional School District No. 4, hereinafter referred to as the school district, entered into a contract with defendant The F. W. Brown Company, hereinafter referred to as Brown, as general contractor, for the construction of the junior high school. When the contract was executed, Brown, as principal, and the defendant Aetna Casualty and Surety Company, as surety, executed a labor and material payment bond in favor of the school district as obligee. Pursuant to the bond, the defendants bound themselves, jointly and severally, to make, promptly, payments to all claimants furnishing labor and material used or reasonably required for use in the construction of the school. The surety bond was executed pursuant to the provisions of General Statutes §§ 49-41, 49-42 and 49-43 then in effect. On April 24, 1969, and on May 5, 1969, the plaintiff furnished to B & G Construction Company, a subcontractor in the construction of the school, materials at the agreed price and reasonable value of $3025.10. They were delivered

by the plaintiff to the site of the school and were actually used in the construction of the school. The plaintiff gave Brown, the contractor, due notice of its claim, in accordance with § 49-42, and claims $4500 damages in this action.[1]

The demurrer was filed on February 5, 1971, three days after the return day, and on February 8, 1971, the plaintiff filed, as of right (Practice Book § 131), an amendment to the complaint alleging that no final settlement had been concluded between Brown and the school district and that, pursuant to the provisions of § 49-42 in effect at the times in question, this action was brought within one year from the date of final settlement. At the subsequent time of argument on the demurrer, the amendment was treated and considered as part of the complaint demurred to, and it is so treated and considered in this memorandum.

The sole ground of demurrer is that it "does not appear that this action was commenced prior to the expiration of one year after the day on which the last of material was supplied by the plaintiff as required by § 49-42 of the Connecticut General Statutes." At the time of the execution of the contract and payment bond and until October 1, 1969, however, § 49-42 (b) provided that no suit on the bond "shall be commenced after the expiration of one year after the date of final settlement" of the contract. It was not until the 1969 legislative enactment of Public Act No. 192, which became effective on October 1, 1969, that the time limited by § 49-42 (b) for the commencement of suit was

---

[1] This action was properly brought to the Superior Court in Middlesex County, even though the jurisdictional and venue requirements of §§ 52-10 and 52-42 have not been met, because § 49-42 (b) provides that every suit instituted under § 49-42 shall be brought in the Superior Court "for the county where the contract was to be performed, irrespective of the amount in controversy."

changed to provide that no suit "shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied."

It appears that no final settlement had been concluded between Brown, the contractor, and the school district before the commencement of this suit on December 28, 1970, and therefore, as required by § 49-42 (b) before the 1969 amendment, the suit was commenced prior to the expiration of one year after the date of final settlement. It also appears that this suit was not commenced within one year after the day the last of the material was supplied by the plaintiff on May 5, 1969, as required by the 1969 amendment to § 49-42 (b). The question for determination is whether the 1969 amendment to § 49-42 (b) constitutes a bar to the maintenance of this suit.

It is beyond question that the payment bond upon which this action is brought was executed pursuant to the provisions of §§ 49-41 to 49-43 in effect at the time of execution. It is so alleged in the complaint and admitted by the demurrer. The bond is a statutory bond, and the provisions of the statute are to be read into the bond. *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.*, 151 Conn. 325, 333; *New Britain Lumber Co.* v. *American Surety Co.*, 113 Conn. 1, 5. One provision of § 49-42 (b) then in effect—and that provision became part of the contract—was that no suit on the bond "shall be commenced after the expiration of one year after the date of final settlement" of the contract, which is another way of saying that suit on the bond may be commenced until the expiration of one year after the date of final settlement of the contract.

To ascertain the status of the plaintiff in respect to the statutory bond in this case, it is necessary to examine the applicable statutes. Section 49-41 pro-

vides that before any contract exceeding $1000 in amount for the construction "of any public building or public work of the state or of any subdivision thereof is awarded to any person, such person shall furnish to the state or such subdivision a bond in the amount of the contract," with surety, "for the protection of persons supplying labor or materials in the prosecution of the work provided for in such contract *for the use of each such person."* (Italics supplied.) This statute originated in chapter 118 of the Public Acts of 1917, the purpose of which was to remedy the situation created by holdings of our Supreme Court that the general mechanic's lien law did not apply to a public building. See *Norwalk* v. *Daniele,* 143 Conn. 85, 86.

Section 49-42 (a) provides that "[e]very person who has furnished labor or material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished" under § 49-41 "shall have the right to sue on such payment bond." Until October 1, 1969, § 49-43 required that any person who submits an affidavit that he has supplied labor or materials for such work, and payment therefor has not been made, be furnished a certified copy of such bond and the contract for which it was given, "which copy shall be prima facie evidence of the contents, execution and delivery of the original, and, in case final settlement of such contract has been made, a certified statement of the date of such settlement which shall be conclusive as to such date upon the parties."

It is abundantly clear from the foregoing statutory provisions that the payment bond is required for the express benefit of those supplying labor or material for the work and that they are express statutory beneficiaries of the obligation of the bond to the same extent as if they were specifically named as obligees of the bond. The expressed pur-

pose and intention of the statutory language permit no other construction. It follows that the plaintiff, when it furnished material on April 24, 1969, and May 5, 1969, for the construction of the school, became an obligee of the bond and entitled by statutory mandate to the full benefit of the obligation of 'the bond to the same extent as if the plaintiff had been specifically named and designated therein as obligee. The plaintiff's rights in respect to the bond must be considered and determined upon this basis.

Section 10 of article I of the constitution of the United States provides in part as follows: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." Accordingly, if the 1969 amendment to § 49-42 (b) is construed as applicable to the bond here in issue, the question arises whether it falls within the above-quoted constitutional prohibition because it impairs the obligation of a preexisting contract. "To impair the obligation of a contract is to weaken it, or lessen its value, or make it worse in any respect or in any degree. 'The obligation of a contract includes everything within its obligatory scope.' *Edwards* v. *Kearzey,* 96 U.S. 595, 600. Any law which changes the intention and legal effect of the original parties, giving to one a greater and to the other a less interest or benefit in the contract, impairs its obligation. The extent of the change is immaterial. Any deviation from its terms by hastening or postponing the time of performance which it prescribes, or imposing conditions not included in the contract, or dispensing with the performance of those that are included, however small and unimportant they may appear to be in their effect, impairs the obligation of a contract. . . . The legislature may regulate the remedy and the methods of procedure under a past as well as a future contract, but it cannot impose new restrictions upon the enforcement of a past contract,

so as materially to lessen its value and benefit to either party." *O'Connor* v. *Hartford Accident & Indemnity Co.,* 97 Conn. 8, 15; *Mazurkiewicz* v. *Dowholonek,* 111 Conn. 65, 70; see *Gilpatric* v. *National Surety Co.,* 95 Conn. 10, 21.

If the 1969 amendment to § 49-42 (b) is to be construed to apply to the bond in this case, a question which the court does not consider or decide, it clearly "alters the terms and conditions of a valid and enforceable . . . [bond] so as to impose upon the parties obligations different from those assumed by them when the . . . [bond] was executed. This was clearly beyond the power of the legislature to do." *Mazurkiewicz* v. *Dowholonek,* supra.

The statutory payment bond executed in this case incorporated the provision of the then effective statute (§ 49-42 [b] prior to its amendment by Public Acts 1969, No. 192) that suit could be brought thereon until "the expiration of one year after the date of final settlement" of the contract. See *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* 151 Conn. 325, 333. This period has not yet expired. The 1969 amendment to § 49-42 (b) changed the statute drastically by limiting the time for bringing suit to "one year after the day on which the last of the . . . material was supplied," a period which expired on May 5, 1970, eight months before this case was commenced. To give effect to the 1969 amendment here would utterly destroy the contractual statutory right, which the plaintiff acquired when it furnished material on May 5, 1969, to commence suit until "after the expiration of one year after the date of final settlement" of the contract, and would clearly be an unconstitutional impairment of the obligation of the statutory payment bond.

The defendants' demurrer is overruled.