W. P. McGRORY, Appellant,

v.

BOARD OF TRUSTEES OF the MUNICI-
PAL ELECTRIC UTILITY OF the CITY
OF CASCADE, Iowa, Appellee.

No. 2–57954.

Supreme Court of Iowa.

July 31, 1975.

Rehearing Denied Aug. 27, 1975.

Reynolds, Gilchrist, Nutty, Smith & Sharp, Ames, for appellant.

Moss & Heims, Dyersville, for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

UHLENHOPP, Justice.

This appeal involves a test of the validity of municipal revenue bond proceedings and of portions of the home-rule act, chapter 1088 of the Acts of the 64th General Assembly.

The City of Cascade, Iowa, presently has an electric generating plant. It has electric revenue bonds outstanding and proposes to issue additional ones.

Cascade elected to come under §§ 1 through 198 of the home-rule act. See § 9(2) of the act. When a city proposes to issue revenue bonds, § 164(2) of the act requires the governing body of the city utility to hold a meeting, after notice, to receive and consider oral or written objections to the proposal. After notice, the trustees of the Cascade electric utility held such a meeting. They received, considered, and overruled written objections by plaintiff W. P. McGrory, and took additional action toward the issuance of the bonds.

Plaintiff appealed to district court, where he advanced several contentions. The trial court overruled his contentions and held for the trustees. Hence plaintiff's present appeal to this court, where he again urges his contentions.

The case is similar in many respects to *Green v. City of Cascade*, 231 N.W.2d 882 (Iowa). In Green we decided a number of questions which plaintiff raises here. We will refer to that decision simply as Green.

I. *Notice.* Plaintiff's first attack is on the sufficiency of the contents of the notice of the meeting of the trustees. What we said in Green regarding such notices is determinative here. This notice is under § 164(2) of the home-rule act, rather than under § 106(2), but the controlling principal is the same. The notice here minimally but substantially complies with § 164(2), and is valid.

II. *Multiple Purposes in Single Proceeding.* Plaintiff conceded in. his argument that the facts of this case do not raise the question of the propriety of including multiple purposes in a single proceeding for issuance of bonds. That issue is not before us now. See however the Green decision.

III. *Authority to Perform the Function in Question.* Plaintiff argues that Cascade has no authority to perform the function in question. What we said in Green disposes of the issue adversely to plaintiff's position.

IV. *Authority to Incur Debt and Issue Bonds.* In his argument, plaintiff conceded that authority exists to incur indebtedness and issue revenue bonds, and we so hold. See §§ 163(1) and 164(1) of the home-rule act.

V. *No Statutorily-Prescribed Maximum Interest Rate.* Plaintiff contends that the provisions for revenue bonds are unworkable for want of a statutorily-prescribed maximum interest rate. This issue is moot, as we held in Green.

VI–XVI. *Parallel Contentions.* Issues VI through XVI in this case are identical to the same numbered issues in Green. What we stated on those issues there applies here.

XVII. *Maximum Rates.* Section 397.14 of the Code of 1973 (and prior codes) provides that contracts for payment for plants, improvements, or extensions thereof "shall specify the maximum rate that may be charged the consumers, including the municipality, and the city shall not increase or fix any rate beyond such maximum." This court has held the quoted provision to be

valid and has given it full effect. *Lahn v. Primghar*, 225 Iowa 686, 281 N.W. 214; *Interstate Power Co. v. Forest City*, 225 Iowa 490, 281 N.W. 207; *Iowa-Nebraska Light & Power Co. v. City of Villisca*, 220 Iowa 238, 261 N.W. 423. See *Mitchell, Restrictions on the Source of Payment of Iowa Municipal Bonds*, 42 Iowa L.Rev. 390, 394–395.

■ Revenue bonds, refunding bonds, and other obligations, heretofore issued under chapter 397, are subject to the maximum-rate clause. See *Lahn v. Primghar*, supra. In addition, § 175 of the home-rule act authorizes such undertakings to be issued in the future under chapter 397, as to projects and proceedings commenced before the effective date of the home-rule act. Revenue bonds, refunding bonds, and other obligations hereafter issued under chapter 397 will be subject to the provisions of that chapter, including the maximum-rate clause.

Section 165 of the home-rule act (a) authorizes a city utility to charge rates which will be at least sufficient to pay expenses of operation and maintenance and (b), when revenue bonds or obligations are outstanding under §§ 161 through 174 of the home-rule act, requires the city utility to charge rates which will in addition leave a balance at least sufficient to pay the principal and interest on the bonds and obligations as same fall due plus a reasonable reserve. Section 165 does not contain a maximum-rate clause. Plaintiff contends that § 165 violates the constitutional guaranties against laws impairing the obligation of contracts because it cuts across the maximum-rate clause as to bonds and obligations issued or to be issued under chapter 397. Iowa Const. art. I, § 21; U.S.Const. Art. I, § 10.

As we read it, § 165 applies to bonds and obligations issued under §§ 161 through 174 of the home-rule act. It does not itself apply to bonds or other obligations heretofore or hereafter issued under chapter 397. Hence § 165 is *facially* constitutional.

We agree with plaintiff, however, that § 165 might be unconstitutionally *applied* if trustees attempted to impose rates higher than the maximum allowed under outstanding bonds or other obligations heretofore or hereafter issued under chapter 397. As to proceedings taken under chapter 397, § 397.14 assures consumers a maximum rate, and such proceedings are based on that assurance to the consumers. We do not see how the assurance can be constitutionally taken away.

We are aware of the tests for determining whether a statute "impairs" a contract. 16 Am.Jur.2d Constitutional Law §§ 445–448 at 793–796; 16A C.J.S. Constitutional Law § 353 at 22. See generally *Murray v. City Council of Charleston*, 96 U.S. 432, 24 L.Ed. 760; *Holland v. Dickerson*, 41 Iowa 367; *Scougale v. Page*, 194 Ark. 280, 106 S.W.2d 1023; *O'Connor v. Hartford Accident & Indemnity Co.*, 97 Conn. 8, 115 A. 484; *Union Gas & Oil Co. v. Diles*, 200 Ky. 188, 254 S.W. 205; *First National Bank of Boston v. Maine Turnpike Authority*, 153 Me. 131, 136 A.2d 699; *Ruano v. Spellman*, 81 Wash.2d 820, 505 P.2d 447. We think that imposition of rates higher than permitted under outstanding bonds or obligations heretofore or hereafter issued under chapter 397 would give § 165 an application contrary to the contract guaranties of the Iowa and United States Constitutions.

■ Courts endeavor to construe statutes to uphold them. 16 Am.Jur.2d Constitutional Law § 144 at 345; 16 C.J.S. Constitutional Law § 98 at 357. Courts likewise endeavor to construe statutes together—in this case, chapter 397 of the Code of 1973 and §§ 165 and 175 of the home-rule act. 73 Am.Jur.2d Statutes § 187 at 386–387; 82 C.J.S. Statutes § 366 at 801. We therefore construe § 165 to mean that at any given time (a) if no bonds or other obligations are outstanding which were heretofore or are hereafter issued under chapter 397, the maximum-rate provision of § 397.14 is inapplicable at such time, but (b) if bonds or other obligations are outstanding which were heretofore or are hereafter issued un-

der chapter 397, the trustees cannot at such time charge rates in excess of the maximum applicable with respect to those bonds or obligations notwithstanding § 165. On the basis of this construction of § 165, we uphold that section and the trustees' proposed issuance of bonds.

We conclude that the trial court was right in holding for the trustees.

Affirmed.

All Justices concur except HARRIS, J., who concurs in result.